IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**RONNIE FRED PEEPLES**                                              **PLAINTIFF**

**v.**                                        **CIVIL ACTION NO. 3:20-cv-283-JMV**

**COMMISSIONER OF**
**SOCIAL SECURITY**                                             **DEFENDANT**

## **MEMORANDUM OPINION**

This cause is before the Court on the Plaintiff's complaint pursuant to 42 U.S.C. § 405(g) for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration regarding an application for a period of disability, disability insurance benefits, and supplemental security income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The Court, having reviewed the record, the administrative transcript, the briefs of the parties, and the applicable law and having heard oral argument, finds that for the reasons set out below, the Commissioner's decision should be affirmed.

### **Standard of Review**

The Court's review of the Commissioner's final decision that Plaintiff was not disabled is limited to two inquiries: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the decision comports with relevant legal standards. *See* 42 U.S.C. § 405(g); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). When substantial evidence supports the Commissioner's findings, they are conclusive and must be affirmed. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Supreme Court recently explained:

> The phrase "substantial evidence" is a "term of art" used throughout administrative law to describe how courts are to review agency factfinding. Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. And whatever the meaning of "substantial" in other contexts, *the threshold for such evidentiary sufficiency is not high*. Substantial evidence . . . is more than a mere scintilla. It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (emphasis added) (citations and internal quotations and brackets omitted).

Under the substantial evidence standard, "[t]he agency's findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020) (citations and internal quotations omitted). In applying the substantial evidence standard, the Court "may not re-weigh the evidence in the record, nor try the issues *de novo*, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision." *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *See Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988).

## Discussion

While the Plaintiff raises eight numbered issues, the Court finds that the applicable issues are as follows: (1) whether it was error for the administrative law judge (ALJ) not to conduct a scheduled, but subsequently cancelled, post-hearing consultative examination by Pamela R. Buck, Ph.D.; (2) whether the ALJ properly weighed the medical evidence; and (3) whether the ALJ properly assessed Plaintiff's residual functional capacity (RFC). These issues will be addressed in turn below.

**(1) Whether it was error for the ALJ not to conduct a scheduled, but subsequently cancelled, post-hearing consultative examination by Pamela R. Buck, Ph.D.?**

While it is accurate that an administrative law judge is charged with the responsibility of ensuring that the record is properly developed, and because of the Social Security Administration's duty to develop the medical record fully and fairly, it is reversible error for the administrative law judge not to order a consultative examination when such an evaluation is necessary to make an informed decision, *White v. Barnhart*, 373 F. Supp. 2d 1258 (N.D. Ala. 2005), it is equally accurate that normally, the securing of a consultative examination is in the discretion of the Administrative Law Judge as held in *Pierre v. Sullivan*, 884 F.2d 799 (5th Cir. 1989); 20 C.F.R. §§ 404.1519a (b) (OASDI), 416.9.

In *Brock v. Chater*, 84 F. 3d 726, 728 (5th Cir. 1996), the Court held that the ALJ has a duty to fully and fairly develop the administrative record in order to ensure an informed decision that is based on sufficient facts. However, in the same opinion, the Fifth Circuit clarified that to establish prejudice, a claimant must show that he "could and would have adduced evidence that might have altered the result." *Id.*

This Court finds that Plaintiff has failed to show that he could and would have adduced evidence that might have altered the result. In his brief [20], Plaintiff states that the cumulative effect of the cancellation of the consultative examination was prejudicial to the Plaintiff and warrants reversal. The Plaintiff essentially argues that on August 26, 2017, Dr. Buck found that Plaintiff was functioning in the deficient range, so to not reschedule his 2020 exam with Dr. Buck was prejudicial. However, Plaintiff's argument is meritless because the August 26, 2017, psychology CE by Dr. Buck was in conjunction with Plaintiff's prior administratively final claim

3

and did not relate to the period after the alleged onset date of March 10, 2018, thus the Appeals Council properly declined to consider it (Tr. 7). The Appeals Council noted that the "evidence does not show a reasonable probability that it would change the outcome of the decision" (Tr. 7). This Court agrees, and finds that Plaintiff has failed to meet his burden of showing that he "could and would have adduced evidence that might have altered the result" because he directed the Court to a CE that does not relate to the relevant period after the alleged onset date of March 10, 2018. *See id.* at 728. Thus, Plaintiff's contentions are without merit as to this issue.

**(2)     Whether the ALJ properly weighed the medical evidence?**

Plaintiff claims that the Commissioner did not properly weigh the medical evidence but does not specifically indicate any particular evidence that the ALJ allegedly improperly "weighed." *See* Pl.'s Br. at 1.

To the extent Plaintiff challenges the ALJ's resolution of conflicts in the evidence, that was her duty as the finder of fact. *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002). It is well established that conflicts in the evidence are for the Commissioner and not the courts to resolve. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). Any of the findings of fact by the Commissioner that are supported by substantial evidence are conclusive. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995).

In evaluating claims filed March 27, 2017, or later, the agency "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's own] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Importantly, while the agency adjudicator—in this case, the ALJ—must articulate her consideration of all medical opinions, the regulations governing claims filed on or after March 27, 2017, no longer mandate particularized procedures that the adjudicator

must follow in considering opinions from treating sources (*e.g.*, requirement that adjudicators must "give good reasons" for the weight given a treating source opinion). *Compare* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2) (2016) and 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2) (2017) *with* 20 C.F.R. §§ 404.1520c(b), 416.920c(b)(2017). Rather, the ALJ focuses on the persuasiveness of the medical opinion(s) or prior administrative medical finding(s) using the following five factors:

    (1) Supportability

    (2) Consistency

    (3) Relationship with the claimant (which includes)

        (i) Length of the treatment relationship

        (ii) Frequency of examinations

        (iii) Purpose of the treatment relationship

        (iv) Extent of the treatment relationship

        (v) Examining relationship

    (4) Specialization

    (5) Other factors

20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c).

The ALJ will explain how she considered the factors of supportability and consistency, which are the two most important factors in determining the persuasiveness of a medical source's medical opinion or a prior administrative medical finding. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2) (2019). The ALJ must explain in her decision how persuasive she finds a medical opinion(s) and/or a prior administrative medical finding(s) based on these two factors. *Id.* The ALJ may, but is not required to, explain how she considered the other remaining factors, unless the ALJ finds that two or more medical opinions or prior administrative medical findings about the same

medical source together using the above factors, and is not required to articulate how she considered each opinion or finding. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1).

Further, the revised regulations clarify how evidence from Federal and State agency medical and psychological consultants—now deemed prior administrative medical finding(s) (except for the ultimate determination about disability)—is considered. They provide that, while ALJs are not required to adopt prior administrative medical findings, they must still consider this evidence in accordance with the Commissioner's regulations as appropriate, inasmuch as Federal or State agency medical or psychological consultants are highly qualified and experts in Social Security disability evaluation. 20 C.F.R. §§ 404.1513a(b)(1), 416.913a(b)(1) (2017) (citing §§ 404.1520b, 416.1520c, 416.1527, 416.920b, 416.920c, 416.927).

The ALJ here found that the evidence does not fully support the claimant's allegations of debilitating mental symptoms. The ALJ noted that the record documented consistent treatment of Plaintiff for anxiety and ADHD. Upon examination, Plaintiff's physicians observed nervousness and racing thoughts, but normal orientation and appropriate mood and affect (Tr. 31). Plaintiff continued treatment and reported that his anxiety was stable when taking his medication, but without it, he experienced panic attacks (Tr. 31). As for his ADHD, Plaintiff again reported that his medication improved his symptoms, but without it, he had difficulty focusing and performing day to day asks without his medication (Tr. 31).

The ALJ specifically considered the prior administrative findings of the state agency medical consultants (SAMCs), Amy Baskin, Ph.D., and Navjeet Singh, M.D. (Tr. 96-136). These SAMCs found that Plaintiff would be capable of understanding, remembering, and carrying out simple two-step instructions in order to perform routine, repetitive tasks for two-hour blocks of time during an eight-hour day (Tr. 104, 116). They further assessed that Plaintiff would likely

function best in a non-interpersonally intensive work environment, and that the claimant would be capable of relating appropriately to coworkers and supervisors (Tr. 104, 116). They assessed moderate levels of supervision would be necessary to maintain work performance and to assist the claimant in adapting to change (Tr. 104, 116).

The ALJ considered the SAMC assessments, and found them to be "somewhat persuasive," but ultimately found that Plaintiff's ability to interact and perform without supervision was limited to a lesser degree than what the SAMCs had found (Tr. 31). Nevertheless, these prior administrative findings ultimately support the ALJ's finding of non-disability, as they included non-disabling limitations. Thus, this issue is without merit.

**(3)     Whether the ALJ properly assessed Plaintiff's RFC?**

Plaintiff argues that the ALJ should have found that he retained only a sedentary RFC, but makes no specific argument in support of this claim. The Court finds no prejudicial error.

The RFC is an administrative assessment based on the totality of the evidence and extent to which a claimant's impairments and related symptoms affect her capacity to do work-related activities. 20 C.F.R. § 404.1545(a), 416.945(a). Affirming that the ALJ has the sole responsibility to determine RFC, the Fifth Circuit stated, "the ALJ properly interpret[s] the medical evidence to determine [a claimant's] capacity for work." *Taylor v. Astrue*, 706 F.3d 600, 602-03 (5th Cir. 2012). The assessment of a claimant's work capacity is reserved solely to the ALJ and is based on all of the evidence, not just the medical evidence. *Ripley*, 67 F.3d at 557; 20 C.F.R. § 404.1545(a)(1), 416.945(a)(1); Social Security Ruling (SSR) 96-8p, 1996 WL 374184. Here, the ALJ addressed all of the evidence in assessing Plaintiff with an RFC for a reduced range of medium work.

The prior administrative findings by SAMCs Dr. Baskin and Dr. Singh provide substantial

evidence supporting Plaintiff's physical RFC assessment (Tr. 96-136). These SAMCs found Plaintiff would be capable of understanding, remembering, and carrying out simple two-step instructions in order to perform routine, repetitive tasks for two-hour blocks of time during an eight-hour day (Tr. 104, 116). They further assessed that Plaintiff would likely function best in a non-interpersonally intensive work environment, and that the claimant would be capable of relating appropriately to coworkers and supervisors (Tr. 104, 116). They assessed moderate levels of supervision would be necessary to maintain work performance and to assist the claimant in adapting to change (Tr. 104, 116). State agency medical consultants are experts in the Social Security disability programs and their findings must be treated as expert opinion evidence. 20 C.F.R. §§ 404.1513a(b)(1), 416.913a(b)(1); SSR 17-2p, 2017 WL 3928306, at *3. The ALJ found Dr. Baskin and Dr. Singh's opinions "somewhat persuasive" (Tr. 31). 20 C.F.R. §§ 404.1520c(b), 416.920c(b) (2018) (for applications filed after March 27, 2017, the Commissioner will determine how "persuasive" a medical source opinion is and not provide a weight to such opinion).

Additionally, the repeated mild and normal findings and the fact that medications controlled his mental problems provide more than enough evidence to cross the substantial evidence threshold, which is "not high." (Tr. 379, 384, 385, 393, 394, 402, 403, 411, 412, 420, 421, 428, 434, 438, 439, 443, 452, 464, 473, 482, 492, 494, 497, 500, 504, 506, 508, 518, 522, 524, 527); *Biestek*, 139 S.Ct. at 1154 (although substantial has a different meaning in other contexts, the threshold of sufficient evidence to satisfy the substantial evidence standard "*is not high*" (emphasis added)). It is Plaintiff's duty to prove limitations in his RFC. *Barajas v. Heckler*, 738 F.2d 641, 644 (5th Cir. 1984) (mere diagnosis of a condition without resulting significant functional restrictions is not disabling within the Act). Here, substantial evidence supports the ALJ's reduced level of medium RFC.

Because I find Plaintiff's arguments without merit, the Commissioner's decision will be affirmed.

**SIGNED** this, the 27th day of December, 2021.

/s/ Jane M. Virden
U.S. Magistrate Judge